UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10322-RGS

SRIKANTH SREEDHAR

v.

GOOGLE LLC, PARSONS CORPORATION, KPMG LLP, RAVI DUVVURI,
US CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES
DEPARTMENT OF LABOR EBSA, UNITED STATES DEPARTMENT OF
LABOR W&H DIVISION, TATA CONSULTANCY SERVICES, and DSS

MEMORANDUM AND ORDER

May 16, 2022

For the reasons set forth below, the court grants plaintiff's motion for
leave to proceed *in forma pauperis* and denies plaintiff's motions to appoint
counsel and to remove from Northeast Housing Court.   Defendants Tata
Consultancy Services, US Citizenship and Immigration Services, the United
States Department of Labor EBSA, the United States Department of Labor
W&H Division, and DSS [the State Department] are dismissed because,
other than being named in the case caption of the complaint, there are no
factual allegations concerning these defendants.  As to defendants Google,
LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri, if plaintiff wishes
to proceed with this action, the court grants him time to file an amended
complaint that cures the pleading deficiencies noted below.

## BACKGROUND

Plaintiff Srikanth Sreedhar ("Sreedhar") filed a *pro se* complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. *See* Docket No. 1.   Named as defendants are Google, Inc.; Parsons Corporation; KPMG LLP; Ravi Duvvuri; United States Citizenship and Immigration Services; the Employee Benefits Security Administration of the United States Department of Labor; the United States Department of Labor Wage and Hour Division; Tata Consultancy Services and DSS [Department of State].   *Id.* at case caption, ¶ I(B), ¶ II(B)(2), p. 6 - 10.[1] Sreedhar checked the boxes indicating "federal question" and "diversity of citizenship" jurisdiction.  *Id.* at ¶ II (basis for jurisdiction).

Sreedhar alleges that the defendants violated his federal rights under "18 USC 1542, a 'violation of the Federal Wiretap Act, 18 U.S.C. § 2510, et seq, the California Invasion of Privacy Act, Cal. Penal Code §§ 631 and 632; the California Computer Data Access and Fraud Act, Cal. Penal Code § 502, eq seq; Invasion of Privacy; Intrusion Upon Seclusion; Breach of Contract; and California Business & Professions Code § 22576.' SAC  ¶¶ 279, 281. Diminution-career                    https://www.courthousenews.com/wp-

---

[1] Citations to page numbers on documents appearing on the court's electronic docket reference the document and page numbers assigned by CM/ECF.

content/uploads/2021/12/brown-google-incognito-mtd-order.pdf." *Id.* at ¶ II(A) (if the basis for jurisdiction is a federal question).

Sreedhar identifies himself as a citizen of India and a Resident of Massachusetts. *Id.* at ¶ II(B) (if the basis for jurisdiction is a diversity of citizenship). Defendant Duvvuri is identified as a citizen either of California or India, *id.* at ¶ II(B) (2)(a), and Defendant Parsons is identified as incorporated under the laws of Virginia and having its principal place of business in Virginia. *Id.* at ¶ II(B) (2)(b). Sreedhar states that the amount in controversy exceeds $75,000 because "Parsons owes $1820000 (APPROXIMATELY) as it includes ESOP Shares both before and after a 3-way-split." *Id.* at ¶ II(B) (3) (the amount in controversy).

For relief, Sreedhar seeks "return to [his] home in Malden, MA [to secure] ESOP/Compensation as promised by the Employer (approx. $1,820,000)[,] Protection of privacy on the Internet[,] Recovery of due amount from Duvvuri[, an order for] Google to make complete disclosure to the Delhi High Court as it involves probe into the death of a student at NITK." *Id.* at ¶ IV (relief). In his statement for relief, Sreedhar explains that he is "facing a prospect of a 3-months-jail in India for making defamatory complaints but [he stands by his] complaint of Institutional Murder, Corruption, Stalking, Attempted Murder, Privacy Violations." *Id.*

Additionally, Streedhar states that he requests "the court to take cognizance of the conduct of the Northeast Housing Court staff, who refused to ensure entering [Streedhar's] case as a Criminal Case through the limitations of the eFileMA prevent [Streedhar] from filing criminal case [pursuant to 18 U.S.C. § 1542]." *Id.* Streedhar speculates that "[h]ad the Housing Court Staff followed General Laws Part II Title I Chapter 185C Section 20 & Rule 3.2 of Judicial Conduct Guidelines, perhaps [Streedhar] would have [received] justice sooner." *Id.* Streedhar explains that he doesn't "have financial means to approach US Court and requested employer several times by email to act." *Id.* He also states that "[h]ad Northeast Housing Court staff cooperated by following rules, then the matter would have entered AUTOMATICALLY in the Appeals Court in Massachusetts for Criminal Cases as Housing Court Cases go to Appeals Court and not to Superior Court." *Id.*

Streedhar's statement of claim consists of ten sentences. *Id.* at ¶ III (statement of claim). As to Defendant Duvvuri, Streedhar alleges that he "lent money to Duvvuri as he was a student [and roommate who] promised to return on getting job but didn't." *Id.* As to Defendant Google, Streedhar alleges that it "violated [his] privacy in incognito mode besides informing the Delhi High Court that there are no Indian Internet Privacy laws [and by

displaying] a link to [Streedhar's] marks secured in an undergrad course."
*Id.*  Streedhar contends that the "link is blocked in the European Union
region" and that "Google failed to make complete disclosure to Delhi High
Court."  *Id.*  As to Parsons, Streedhar alleges that it "owes [Streedhar]
approximately $1,820,000 for ESOP Benefits and Compensation until [his]
return to [his] home happens."  *Id.*  Sreedhar alleges that "Parsons, KPMG
caused filing of incorrect tax returns in Canada."  *Id.*

Attached to the complaint are copies of several employment related
documents.  Docket No. 1-1.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's financial disclosures in his motion for leave
to proceed *in forma pauperis*, the court concludes that he has adequately
demonstrated that he is without income or assets to pay the filing fee.
Accordingly, Plaintiff will be permitted to proceed *in forma pauperis*.

## MOTION TO APPOINT COUNSEL

To the extent Plaintiff seeks appointment of counsel, his request is
denied without prejudice. Under 28 U.S.C. § 1915(e)(1), the court "may
request an attorney to represent any person unable to afford counsel." 28
U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to
free counsel.  *Desrosiers v. Moran*, 949 F.2d 15, 23 (1st Cir.1991).  At this

early stage of the proceedings, and because the complaint fails to state a claim upon which relief may be granted, Plaintiff's motion for appointment of counsel is denied, without prejudice.

## MOTION TO REMOVE

To the extent plaintiff seeks to remove *Sreedhar v. Carol S. Hamilton Agent for U.S. Dep't of Labor, et al.*, No. 21H77CV000187, from Eastern Housing Court, the state court docket indicates that the case was dismissed on November 23, 2021, several months before plaintiff filed the instant action.[2]   Docket No. 3, Plaintiff's Motion to Remove.

Removal is only appropriate when the case might have originally been brought in federal court.  28 U.S.C. § 1441(a), (b).   Additionally, only a defendant has the power of removal.  *See* 28 U.S.C. § 1441; *see also, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (it is just and proper to require plaintiff to abide by initial selection of forum; plaintiff cannot remove case based on federal question counterclaim).

---

[2] The Court takes judicial notice of *Sreedhar v. Carol S. Hamilton Agent for U.S. Dep't of Labor, et al.*, No. 21H77CV000187 (Northeast Housing Court complaint filed Oct. 5, 2021).  "It is well-accepted that federal courts may take judicial notice of proceedings in other courts of those proceedings have relevance to the matters at hand."  *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (quoting *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir.1990)).

6

Although Sreedhar's purpose in seeking remove is not entirely clear, it appears that he may seek to have this court review a final state court decision.  If so, such review is prohibited by the *Rooker–Feldman* doctrine, which precludes a litigant who was unsuccessful in state court from seeking reversal of that decision in federal court once the state court litigation is completed.  *See Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 663 (1st Cir.2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).  Thus, this court lacks appellate jurisdiction over the housing court case, and the removal of that closed case to this court would be improper.

## SCREENING OF PLAINTIFF'S COMPLAINT

Because Sreedhar is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Because Sreedhar is proceeding *pro se*, the court will construe his complaint generously.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH THE BASIC PLEADING REQUIREMENTS OF THE  FEDERAL RULES OF CIVIL PROCEDURE

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015 (quoting *Ruiz Rivera*

8

*v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)); *see Twombly*, 550 at 555 (stating that Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).  "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 Fed. App'x 82, 84 (3d Cir. 2020) (per curiam) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why— although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id*.  In essence, the complaint must succinctly set forth as to each defendant what he claims

they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant. Put another way, a complaint must clearly identify the claims and relief Sreedhar seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts. The caption must identify all defendants. Fed. R. Civ. P. 10(a).

The complaint only refers to Tata Consultancy Services, US Citizenship and Immigration Services, the United States Department of Labor EBSA, the United States Department of Labor W&H Division, and DSS [the State Department] in the case caption. The rest of the complaint makes reference to defendants Google, LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri. Because of this, defendants Tata Consultancy Services, US Citizenship and Immigration Services, the United States Department of Labor EBSA, the United States Department of Labor W&H Division, and DSS [the State Department] are dismissed. *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981) (when a "complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff," the plaintiff fails to state a plausible claim to relief against that defendant); *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that named defendants were

properly dismissed when the complaint's factual allegations did not associate those defendants with the constitutional violation alleged).

As to the remaining defendants, the major deficiency with Sreedhar's complaint is that the factual allegations as to Google, LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri are conclusory and fail to identify which specific facts are attributed to which claim.  Sreedhar combines several different causes of action against multiple defendants.  He alleges state and federal statutory violations without stating which facts relate to which claim or how the facts relate to the legal claims raised.  The Federal Rules of Civil Procedure place the onus on Sreedhar to submit a pleading that identifies and sets forth, in an organized fashion, the legal causes of action he seeks to assert against each defendant, and the factual grounds therefore.  Here, it is unclear what legal claims are asserted against which defendants, which would make it difficult for the defendants to file a meaningful response.

Additionally, Sreedhar seeks to bring in one complaint several different claims against unrelated defendants.  While Rule 18(a) of the Federal Rules of Civil Procedure permits Streedhar "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." *Chase v. Chafee*,

No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); *see Spencer v. Bender*, No. 08–11528–RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  While there might be overlap with some of the parties, Sreedhar is cautioned that it is impermissible to bring multiple unrelated claims against unrelated parties in a single action.

## ORDER

Accordingly, it is hereby ORDERED

1.     Plaintiff's motion (Docket No. 2) for leave to proceed *in forma pauperis* is granted.

2.     Plaintiff's motion (Docket No. 3) to remove from Northeast Housing Court is denied.

3.     Plaintiff's motion (Docket No. 4) to appoint counsel is denied.

4.      Defendants Tata Consultancy Services, US Citizenship and Immigration Services, the United States Department of Labor EBSA, the United States Department of Labor W&H Division, and DSS [the State Department] are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.  If plaintiff wishes to proceed with his claims against Google, LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri, he must file, within 42 days of the date of this Memorandum and Order, an amended complaint curing the pleading deficiencies of the original complaint and setting forth plausible claims upon which relief may be granted.[3]  Failure to do so will result in the dismissal of the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[3] If plaintiff files an amended complaint, he is advised that an amended complaint will completely replace, not supplement, the original complaint. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011).