UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10322-RGS

SRIKANTH SREEDHAR

v.

GOOGLE LLC, PARSONS CORPORATION, KPMG LLP, RAVI DUVVURI, US CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES DEPARTMENT OF LABOR EBSA, UNITED STATES DEPARTMENT OF LABOR W&H DIVISION, TATA CONSULTANCY SERVICES, and DSS

ORDER

June 27, 2022

By Memorandum and Order dated May 16, 2022, the court granted Srikanth Sreedhar leave to proceed *in forma pauperis* and denied his motions to appoint counsel and to remove from Northeast Housing Court. Docket No. 6. The court granted Sreedhar 42 days to file an amended complaint as to defendants Google, LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri and dismissed the claims against Tata Consultancy Services, US Citizenship and Immigration Services, the United States Department of Labor EBSA, the United States Department of Labor W&H Division, and DSS [the State Department] pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failing to state a claim upon which relief may be granted. *Id.*

On June 13, 2022, Sreedhar filed an amended complaint. Docket No. 7. He subsequently filed motions seeking to add as defendants the government of India, *see* Docket No. 8, and the U.S. Department of Justice and the Clerk's Office of the U.S. District Court of Massachusetts.[1] Docket No. 11. He also filed a motion seeking to file an amended complaint against KPMG and others. Docket No. 12.

On June 22, 2022, Sreedhar filed a notice of appeal of the May 16, 2022 Memorandum and Order. Docket No. 9. Sreedhar states that he is "eligible for legal aid under the USA-India Mutual Legal Aid treaty of 2005" and that the undersigned "denied [Sreedhar] the opportunity to get legal representation." *Id*. Sreedhar further states that "to be on the safe side, [he is] sending this appeal because if [he] miss[es] the 42 day time limit due to mail-delivery-delay, then at least [he] will have a timely notice of appeal." *Id*. With his notice of appeal, Sreedhar filed an affidavit in support of his motion for permission to appeal *in forma pauperis*. Docket No. 10. Among other things, Sreedhar again complains that the undersigned "declined [his] request for legal representation." *Id*. Sreedhar again explains that he

---

[1] To the extent Sreedhar complains that only 7 pages of a 38-page document was entered on the docket of this case, he fails to identify the document.

2

"decided to submit this timely appeal to be on the safe side" because his amended complaint "got stuck in the mail." *Id.*

Generally, a litigant must wait until all claims against all parties have been adjudicated before obtaining appellate review. 28 U.S.C. § 1291. A judgment is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Whitfield v. Municipality of Fajardo,* 564 F.3d 40, 45 (1st Cir. 2009) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

"[T]he filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (internal quotation marks omitted). However, the Courts of Appeals have jurisdiction of appeals from final decisions, 28 U.S.C. § 1291, a defined group of interlocutory decisions, 28 U.S.C. § 1292, and a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "[I]t is well-settled that interlocutory orders denying motions for appointment of counsel are non-final, and,

3

generally, not immediately appealable." *Colman v. Goord*, 2 Fed.Appx. 170, 171 (2d Cir. 2001). *See, e.g., Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011); *Catanzaro v. Collins*, 447 Fed.Appx. 397, 399 (3d Cir. 2011); *Williams v. Maryland*, 346 Fed.Appx. 974, 975 (4th Cir. 2009) (per curiam); *Jones v. Forbes*, No. 3:15-cv-00613, 2016 WL 409667, at *1 (D. Conn. Feb. 2, 2016).

Because Sreedhar still has claims pending and a final judgment has not yet entered, his appeal is premature. To the extent Sreedhar seeks to appeal to the United States Court of Appeals for the First Circuit, such appeal is clearly defective in that it is interlocutory in nature and is not appealable until a final judgment is ultimately entered in this case. *See* 28 U.S.C. §§ 1291, 1292. Because the issues raised in the notice of appeal would not evade review on appeal of a final order, the May 16, 2022 Memorandum and Order does not fall within the "collateral order doctrine." *United States v. Gorski*, 807 F.3d 451, 458 (1st Cir. 2015). Under the circumstances, the filing of the notice of appeal has not divested this court of jurisdiction over this action. The court finds, therefore, that it retains jurisdiction over all of the matters presently before the court in this case.

Sreedhar has filed an amended complaint as well as two motions to file amended complaints against additional parties. Docket Nos. 7-8, 11. In

4

order to ensure this case proceeds efficiently, the court will direct Sreedhar to file one comprehensive document entitled "second amended complaint" within 49 days from the date of this Order.

If Sreedhar files a second amended complaint, it must identify each defendant and set forth, in an organized fashion, the legal causes of action he seeks to assert against each defendant, and the factual grounds therefore. Sreedhar is reminded that the case caption of the second amended complaint must identify all defendants. Fed. R. Civ. P. 10(a).  The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  The second amended complaint must clearly identify the claims and relief Sreedhar seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.  Again, Sreedhar is cautioned that it is impermissible to bring multiple unrelated claims against unrelated parties in a single action.

Upon the filing of a second amended complaint in the court, it shall be subject to screening pursuant to 28 U.S.C. § 1915 (e)(2)(B).  Sreedhar shall not further amend or supplement his second amended complaint without prior permission of this court upon motion and good cause shown.

Accordingly, the court finds that it retains jurisdiction over all of the matters presently before the court in this case, and it is hereby ORDERED

1. Plaintiff's motions (Docket Nos. 8, 11, 12) to amend are denied without prejudice.

2. If plaintiff wishes to proceed with his claims against Google, LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri, or seeks to bring suit against additional defendants, he must file, within 49 days of the date of this Order, a second amended complaint.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE