UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10322-RGS

SRIKANTH SREEDHAR

v.

GOOGLE LLC, ET AL.

ORDER

July 7, 2022

Plaintiff Srikantha Sreedhar instituted this action on March 1, 2022, by filing a *pro se* complaint naming the following defendants: Google, Inc.; Parsons Corporation; KPMG LLP; Ravi Duvvuri; United States Citizenship and Immigration Services; the Employee Benefits Security Administration of the United States Department of Labor; the United States Department of Labor Wage and Hour Division; Tata Consultancy Services and DSS.  Docket No. 1.  By Memorandum and Order dated May 16, 2022, the court granted Sreedhar leave to proceed *in forma pauperis* and denied his motions to appoint counsel and to remove from Northeast Housing Court.  Docket No. 6.  The court granted Sreedhar 42 days to file an amended complaint as to defendants Google, LLC, Parsons Corporation, KPMG LLP and Ravi Duvvuri and dismissed the claims against Tata Consultancy Services, US Citizenship

and Immigration Services, the United States Department of Labor EBSA, the United States Department of Labor W&H Division, and DSS pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failing to state a claim upon which relief may be granted. *Id.*

In response to the court's May 16, 2022 Memorandum and Order, Sreedhar filed several motions including a notice of appeal filed for the purpose of preserving plaintiff's right of appeal in the event his pleadings were not timely received by the district court. Docket Nos. 7-12.

By Order dated June 27, 2022, the court noted that Sreedhar's appeal was filed prematurely and that this court retains jurisdiction over all of the matters presently before the court in this case. Docket No. 13. Sreedhar was granted leave to file one comprehensive document entitled "second amended complaint." *Id.* Sreedhar was advised that any second amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure and would be subject to screening pursuant to 28 U.S.C. § 1915 (e)(2)(B). Sreedhar was cautioned that it is impermissible to bring multiple unrelated claims against unrelated parties in a single action and that he shall not further amend or supplement his second amended complaint without prior permission of this court upon motion and good cause shown.

Now before the court is Sreedhar's Second Amended Complaint ("SAC") with supporting exhibits.  Docket Nos. 14, 16, 18.  Sreedhar also filed motions seeking to file new cases against TCS and Ravi Duvvuri with supporting exhibit.  Docket Nos. 19-21.

To the extent Sreedhar seeks permission to file two complaints in the instant action, his motions are denied because new actions must be initiated by filing separate civil actions according to the Federal Rules of Civil Procedure.

As to the SAC, it consists of 4 single-spaced, typewritten pages.  Docket No. 14.   Rather than setting forth his claims in numbered paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure, the SAC consists of 170 separately numbered lines.  *Id.*  The case caption identifies Google LLC as the sole defendant and the SAC consists primarily of a claim section and a relief section.  *Id.*

As best can be gleaned from the allegations in the "claim section" of the SAC, Sreedhar seeks to assert a "right to internet privacy" and complains that the defendant Google is "gathering data [without prior consent from searches conducted] on incognito mode."  Id. at p. 3.   Sreedhar complains that he has on-line "stalkers" and that "Google Corporation has refused to remove    from    the    'Google    Search    Results'    for    the    keywords

'Srikanath+Sreedhar+NITK.'"  *Id.*  at p. 1.  The SAC references litigation against Google that was brought by a film actor in the Delhi High Court in India ("the DHC") and complains, among other things, that "the DHC" failed to process Sreedhar's petition against Google.  *Id.* The SAC makes passing reference to ongoing litigation[1] "against Google in California on the incognito mode's privacy." *Id.* at p. 3.  For relief, Sreedhar seeks to have this court:

(1) enjoin Google from "displaying the CIC's Order on the Internet;
(2) "direct" the United States Department of Justice to probe the conduct of Google in the Delhi High Court;
(3) "take note of the conduct of Google to gather data in the incognito mode";
(4) "direct Google to inform the DELHI HIGH COURT that [Sreedhar has the] RIGHT TO BE FORGOTTEN ON THE INTERNET," and
(5) "direct Google to help [plaintiff] by providing [Sreedhar] legal aid as part of their Corporate Social Responsibility."

*Id.* at p. 4.

Even with the more liberal construction accorded a *pro se* litigant's pleading, the SAC fails to state a claim upon which relief may be granted. The SAC recounts several events surrounding Sreedhar's unsuccessful efforts to have online information removed including court orders and academic

---

[1] The civil cover sheet accompanying the original complaint references the following "related" case: *Brown v. Google LLC*, 2021 WL 6064009 (N.D. Cal., 2021) (class action arising from Google's practice of using its advertising and data analytics services to collect data from internet users who visit websites while in "private browsing mode."). *See* Docket No. 1-2, § VIII.

marks, however, it fails to identify the legal cause or causes of action he seeks to assert against Google LLC.

Although the SAC seeks to assert a claim based on an alleged "right" to internet privacy,  the SAC fails to provide an identifiable cause of action. Even accepting the facts as plausibly pled, a complaint must state identifiable causes of action and allege facts that satisfy the elements of those causes of action, alleging specific acts engaged in by the defendant what would support plaintiff's claim.  Here, the court can only speculate as to the basis of jurisdiction and the cause of action being raised.  Because of this, the SAC fails to meet the minimum requirements for a civil complaint in federal court.

In light of the deficiencies noted above, and the fact that plaintiff was unable to successfully amend his complaint after being granted leave to amend and advised of the applicable legal standards, the court concludes that it would be futile to grant plaintiff further leave to amend.  *See Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009) ("[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend" (internal quotation marks omitted)); *Kempler Ins. Co. v. Federal Express Corp.*, 115 F.Supp.2d 116, 125 (D. Mass.

2000) (an amendment is considered futile if the proposed complaint would not survive a motion to dismiss).

Accordingly,  it is hereby ORDERED

1.      Plaintiff's motion (Docket No. 19) to file in this action a new case against TCS is DENIED.

2.      Plaintiff's motion (Docket No 20) to file in this action a new case against Ravi Duvvuri is DENIED.

3.      This action is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for the reasons stated above, and in accordance with the court's Memorandum and Order dated May 16, 2022, and the court's Order dated June 27, 2022.

4.      The clerk shall enter a separate order of dismissal.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE